IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO R. BUSTINZA, | § | CIVIL ACTION NO. B-09-231 |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ORLANDO PEREZ, ET AL., | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendants Orlando Perez ("Perez"), Paul Posada ("Posada"), and Ernesto Rubio ("Rubio") or (together "Defendants"), file this Motion for Summary Judgment against Plaintiff, Rogelio R. Bustinza ("Plaintiff"), and show the Court as follows:

Defendants are entitled to judgment as a matter of law. Specifically, Defendants are entitled to summary judgment because (1) Plaintiff has not exhausted his administrative remedies on most claims in his lawsuit, (2) Plaintiff failed to allege or demonstrate that he has suffered a physical injury sufficient to support his claim for monetary damages under the Prison Litigation Reform Act, and (3) Plaintiff has not and cannot show that Defendants have deprived Plaintiff of any rights under 42 U.S.C. §1983.

### Status of Proceedings

On October 6, 2009, Plaintiff filed an Original Complaint against Defendants Orlando Perez, Paul Posada, and Ernesto Rubio claiming Defendants violated his constitutional rights by: (1) "verbally sexually abusing" him; (2) failing to supervise employees of the correctional facility; (3) failing to give him prompt medical attention; and (4) retaliating against him for exercising his constitutional rights. (Dkt. No. 1). On August 10, 2010, the Magistrate issued a

Report and Recommendation wherein he concluded that Plaintiff's Original Complaint did not set forth a claim on which relief could be granted and recommended that all of Bustinza's claims be denied because none of his allegations reached the threshold necessary to state a claim of constitutional infringement. (Dkt. No. 51). Bustinza objected to the Report and Recommendations claiming his Original Complaint left out certain "details" in support of his claims. (Dkt. No. 63). "In the interest of justice," the District Court declined to adopt the Report and Recommendation and afforded Bustinza an opportunity to amend his Complaint to add facts not previously pleaded. (Dkt. No. 77).

Bustinza filed his Amended Complaint on December 20, 2010. (Dkt. No. 95). Instead of adding new facts in support of his existing claims against Defendants, Bustinza attempts to add new defendants and new claims against previously named Defendants.[1] (Dkt. No. 95). Because Bustinza fails to allege sufficient facts in support of new or existing claims of constitutional infringement, his Amended Complaint also fails to set forth a claim on which relief may be granted.

## MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment pursuant to FED. R. CIV. P. 56(c) on the grounds that Plaintiff cannot sustain his claims under the facts of this case as a matter of law. Plaintiff has not exhausted his administrative remedies; he has not demonstrated that he suffered a statutorily required physical injury; and his allegations do not rise to the level of constitutional violations. Defendants offer the following Summary Judgment evidence:

---

[1] Bustinza's First Amended Complaint seeks to add Roel Muard, Alejandro Martinez, Jr., Joe Villacana Sr., Guadalupe Olivarez, Juan Rodriguez, and Corrections Corporation of America to the lawsuit. To date, no Summons have been issued to any of these newly named defendants, and no service has been attempted or accomplished. For the first time in his First Amended Complaint, Bustinza claims that Defendant Posada conspired with Defendant Rubio to write frivolous cases in retaliation and that Rubio "sexually assaulted [him] by forced coerced sodomy."

**Exhibit "A":**  Step 1 and Step 2 Offender Grievance Form for Grievance Number 2009198512 (Step 2 attached to Plaintiff's Original Complaint);

**Exhibit "B":**  Step 1 Offender Grievance Form for Grievance Number 2010019973; and

**Exhibit "C"**:  Affidavit of Defendant Orlando Perez Warden at the Willacy State Jail, attaching documents labeled CCA/BUST/MSJ 0001-0008.

## I.
## Statement of Undisputed Material Facts

On or about June 23, 2009, Plaintiff filed a Step 1 Offender Grievance Form under Grievance number 2009198512. *See* Exhibit A.  The subject of this grievance was alleged harassment by Officer Rubio.  Specifically, Plaintiff claimed that during morning visitation on June 6, 2009, he was strip searched and "verbally sexually abuse[ed]" by Officer Rubio.  Plaintiff claims that Officer Rubio made sexual comments towards him and "forced" him to take off his clothes by threatening to "lock [him] up and give [him] a major case." *Id.*  Plaintiff also claimed that Officer Rubio searched him in a room alone and searched other inmates all together.  *Id.*

Following a thorough investigation, Plaintiff received the following grievance response:

> Your allegations have been investigated.  There is insufficient evidence to substantiate your claims, however all staff assigned to the visitation area will be addressed regarding professionalism.

*Id.* at 2.

On or about August 14, 2009, Plaintiff appealed his Step 1 Grievance 2009198512 by filing a Step 2 Offender Grievance Form under the same Grievance number.  *See id.* at 3**.** Plaintiff complained that he was still being harassed by Officer Rubio.  Specifically, he added additional claims: (1) that Officer Rubio stopped him for a pat search during which Rubio grabbed Plaintiff's chest and patted his buttocks; (2) that there had been no investigation into his allegations; (3) that an outside agency should have conducted the investigation; (4) other unnamed inmates have also had a problem with Officer Rubio; and (5) he was forced to file a

3

Spanish Step 2 Grievance Form because an English version was not provided after several days. *Id.* Plaintiff goes on to threaten suit and indicates that "any placement in a segregation transfer[sic] to [a] different prison[sic] will be considered retaliation." *Id.* The following response was issued on September 3, 2009:

> Your Step 2 grievance has been reviewed by our office. Staff named within your complaint have been contacted regarding your allegations and denied harassing you at anytime. Officer Rubio stated that he conducts his assigned job duties in a professional manner and adheres to policies and procedures. Additionally, an investigation was completed by the Unit Administration and no evidence was found to substantiate inappropriate staff misconduct on behalf of Officer Rubio.

*Id.* at 4.

On or about October 1, 2009, Plaintiff filed another Step 1 Offender Grievance Form under Grievance number 2010019973, this time complaining that Officers Rubio and Posada were harassing and conspiring against him by: (1) making him work when "medical unassigned"; (2) giving him a tray from the floor; (3) not allowing him to have "cool-Aid"; (4) not allowing him recreation; and (5) and writing frivolous cases against him. *Id.* at 5. Bustinza claimed the officers' actions were in retaliation (presumably for filing grievances although Plaintiff does not state the reason for the alleged retaliation). The following response was issued on October 8, 2009:

> Your complaint has been investigated. There is insufficient evidence to substantiate your allegations of harassment or frivolous cases being written. Rubio did not deny[sic] you cool-aid, he denied you putting the drink in a bottle and not a cup like all other offenders. No further action required.

*Id.* at 6. No Step 2 Grievance was filed for Grievance number 2010019973.

II.
**Argument and Authorities**

A.  **Standard on Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure allows summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, upon which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant must demonstrate the absence of a genuine issue of fact, but need not negate the elements of the non-movant's case. *Celotex*, 477 U.S. at 423.

A party opposing summary judgment must set forth specific facts showing the existence of an issue for trial. FED. R. CIV. P. 56(e). The non-movant's burden is not satisfied with "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-moving party must produce "**specific facts**" showing a genuine issue for trial, **not mere general allegations**. FED. R. CIV. P.56(e); *Tubacex v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). Summary judgment is appropriate where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant or where it is so overwhelming that it mandates judgment in favor of the movant. *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993).

B.  **Plaintiff has failed to demonstrate that he has exhausted his administrative remedies.**

The Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). The Fifth Circuit has taken a strict approach to the exhaustion requirement. *See, e.g., Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001). Further, the Supreme Court has made clear "Congress has provided in

5

§ 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative sources." *Booth v. Churner*, 532 U.S. 731 at 741, n.6 (2001). Additionally, the Supreme Court has held the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Texas Department of Criminal Justice ("TDCJ") currently provides a two-step procedure for presenting administrative grievances. A prisoner must pursue his grievance at both the Step 1 and Step 2 levels in order to exhaust his administrative remedies. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (citing Wright, 260 F.3d at 358). Step 1 requires the prisoner to submit an administrative grievance at the institutional level. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (citing to TDCJ Administrative Directive No. AD-03.82 (rev.1), Policy, ¶ IV (Jan. 31, 1997)). After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker, which may be the warden, assistant warden, facility administrator, assistant facility administrator, or health administrator. *Id*. Step 2 permits the prisoner to submit an appeal to the division grievance investigator with the Institutional Division of the TDCJ. *Id*. After an investigation, the departmental grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 2 of the process, which is the director, deputy director, regional director or assistant director. *Id.*

Bustinza has only exhausted his administrative remedies regarding the specific complaints raised in the Step 1 and Step 2 Grievances filed under 2009198512 regarding alleged harassment by Defendant Rubio on June 6, 2009. Any new allegations raised in Plaintiff's Step 2 filed under Grievance 2009198512, including allegations of an alleged incident on "Friday the

31st" involving Rubio, have not been administratively exhausted because these allegations were raised for the first time in the Step 2.

Plaintiff has also failed to demonstrate that he exhausted his administrative remedies regarding any of the complaints raised in Grievance 2010019973 regarding an alleged incident on September 29, 2009, involving Officers Rubio and Posada because only a Step 1 was filed. With regard to Bustinza's claims against Warden Perez administrative remedies have not been exhausted because neither of the Grievances filed by Bustinza complains of any action or inaction by Perez, or even mentions Perez by name.

Similarly, even if the new allegation of sodomy raised in Bustinza's Amended Complaint were true, which Defendants adamantly deny, it appeared for the first time in Bustinza's First Amended Complaint.  Therefore, Bustinza has not exhausted his administrative remedies regarding any such claim and the claim should be dismissed.

As a matter of law, Defendants are entitled to summary judgment on: (1) all claims against Officer Rubio other than those raised in Grievance number 2009198512 regarding the alleged incident on June 6, 2009; and (2) all claims against Defendants Orlando Perez and Paul Posada for failure to exhaust administrative remedies.

Still, for the reasons stated below, even if Plaintiff had provided sufficient evidence that he exhausted his administrative remedies, his claims are nevertheless without merit.

**C.    Plaintiff's First Amended Complaint supersedes and replaces his Original Complaint.**

An amended complaint supersedes an original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.  *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 508 (5th Cir. 1985).  For

purposes of granting a dispositive motion, the plaintiff's final amended complaint provides the relevant facts. *See Frame v. Arlington*, 616 F.3d 476, 480 (5th Cir. 2010).

Bustinza's First Amended Complaint, filed on December 20, 2010, does not adopt, refer to, or incorporate his Original Complaint. (Dkt. No. 95). As such, only the facts alleged in support of Plaintiff's claims against Perez, Posada, and Rubio in his First Amended Complaint are relevant for purposes of Defendants' Motion for Summary Judgment. Facts alleged in support of newly named defendants are not relevant for purposes of this Motion for Summary Judgment because newly named defendants have not been served and, therefore, are not properly before this Court.

**D.     Plaintiff has failed to allege and does not have the statutorily required "physical injury."**

Plaintiff's claims are further deficient under Section 1983 because he fails to allege a "physical injury" sufficient to support his claim for monetary damages. Specifically, the PLRA includes the following requirement in 42 U.S.C. § 1997e(e): "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury."

The Fifth Circuit has consistently enforced the statutory physical injury requirement for prisoners who seek compensatory damages for intangible emotional or psychological harm, such as has been alleged by Plaintiff in this case. *See*, *e.g.*, *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007).

Bustinza alleges no set of facts that demonstrate a physical injury sufficient to support a claim for monetary damages. Construed liberally, Plaintiff seems to indicate that he was injured

when he slipped and fell on a wet cell floor causing him to "hit his head and twist his ankle."[2] However, there are no allegations that Perez, Posada, or Rubio caused the slip and fall, observed it, or were even aware of it. Similarly, Bustinza states in conclusory form that Defendants have caused him emotional suffering and depression. As section 1997e(e) provides and Fifth Circuit case law makes clear, Plaintiff is precluded as a matter of law from recovering damages for the psychological or other emotional injury he has asserted without first establishing a sufficient physical injury. Defendants, therefore, are entitled to summary judgment.

E.  **Allegations of sexual harassment, even if true, do not establish a constitutional violation.**

In his Original Complaint, Bustinza alleged sexual harassment by Officer Rubio in the form of sexual remarks, innuendos, and groping. (Dkt. No. 1). Bustinza claimed that the harassment took place during a strip search on June 6, 2009. While Defendant's adamantly dispute that this incident occurred, even if it had, it is not actionable. Although sexual abuse of an inmate *may* violate an inmate's constitutional rights, isolated incidents of harassment and touching do not rise to the level of a constitutional violation. *Bodie v.* Schnieder, 105 F.3d 857, 860-61 (2nd Cir. 1997). Instead, the alleged abuse must be "sufficiently serious" to rise to the level of a constitutional violation. *Id.* Therefore, even if true, Bustinza's claims of sexual harassment are insufficient to rise to the level of a constitutional violation and should be dismissed. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983), *cert. denied*, 464 U.S. 998 (1983)("…[M]ere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation.").

---

[2] Bustinza also claims that his left shoulder and arm were injured by "C/O Rodriquez" but this claim is not applicable to allegations against Perez, Posada, or Rubio. Even if they were, insufficient facts are alleged to support a claim for the "irreparable injury" alleged. Dkt. No. 95, pg. 4.

9

Bustinza now claims in his First Amended Complaint that Rubio sodomized him on June 6, 2009, and in "mid-July." (Dkt. No. 95). Presumably, Bustinza became aware of the "sufficiently serious" requirement after reading the Magistrate Judge's Report and Recommendation and amended his Complaint accordingly. *See* Dkt. No. 77, pg. 3; Dkt. No. 95. Both the Step 1 and Step 2 Grievance Forms for Grievance number 2009198512 and Bustinza's Original Complaint rely on alleged actions by Officer Rubio on June 6, 2009. *See* Exhibit A; Dkt. No. 1. When describing Rubio's alleged conduct, neither the Grievances nor the Original Complaint allege, or even mention, allegations of sodomy. This suggests that Bustinza has added this new allegation in an effort to prevent dismissal of his claims as frivolous, not because the allegation is true. In fact, Dennis Montero (another Willacy inmate) provided an affidavit on June 10, 2010 wherein he indicates:

> I assisted Regalio Bustinza in filing a 42 U.S.C. 1983 civil rights lawsuit against Ernest B. Rubio. . . Subsequent to my assisting him he told me that he was lying and the c/o Rubio never sexually assaulted him. He said that he had targeted c/o Rubio because he was real zealous and that he knew that he probably generated a lot of grievances. Also while Regalio Bustinza was at the Willacy Unit he bribed several offenders with money so they would file Declarations that would help him in winning a settlement against c/o Rubio.

*See* Exhibit C at 3-5. This statement is also corroborated by another inmate, David Boston. Recognizing that "perjury is a serious issue," Mr. Boston submitted a statement expressing his concern that a witness statement that he had provided to Bustinza in Spanish had been re-written in English and altered by Bustinza in support of the current lawsuit. *See* Exhibit C at 6-7. Similarly, on February 5, 2010, Correctional Officer Parmer (not a Defendant in this suit) authored an interoffice memorandum wherein she expresses her concern that Officers will be unable to do their jobs because Bustinza is threatening them with retaliation lawsuits. *See*

Exhibit C at 8-9. Officer Parmer also indicates that she witnessed Bustinza giving another inmate a "paper to fill out" to mail to his attorney to support his lawsuit. *Id.*

**F.     Constitutional allegations against Perez and Posada fail because allegations against Rubio fail.**

Bustinza alleges that Perez failed to investigate or address his harassment allegations and Posada conspired with Rubio to retaliate against him in violation of his constitutional rights. Bustinza's contentions against Perez and Posada are therefore derivative of the allegations made against Rubio. *See Butler v. Cole*, 93 Fed.Appx. 600, 603 (5th Cir. 2004) (where prisoner failed to show that primary defendant violated his constitutional rights he also could not establish that other defendants violated his rights because those claims were derivative of the claims against the primary defendant). Because Bustinza has failed to properly allege any basis to show Rubio violated his constitutional rights, he has also failed to properly allege any basis to find the other Defendants failed to stop, or participated in, violations of his constitutional rights. *Id.* at 603. As such, claims against Perez and Posada should be dismissed.

**G.     Bustinza has no viable causes of action under 42 U.S.C. § 1983**

**1.     Bustinza's claim for failure to supervise against Warden Perez should be dismissed.**

In order to succeed on a claim for failure to supervise a subordinate, plaintiff must establish that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a casual link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amount to deliberate indifference. *Gates v. Tex. Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008); *Hinshaw v. Doffer*, 785 F.2d 1260, 1263 (5th Cir. 1986).

To the extent that Bustinza's allegation that Perez failed to "proactively investigate allegations" against "the Assistant Warden and Corrections Officers under his supervision" is

11

construed as an attempt to state a claim against Perez for failure to supervise, this claim should be denied. Unsubstantiated assertions, improbable inferences, and unsupported speculation is not competent evidence. *Turner v. Baylor* Richardson, 476 F.3d 337, 343 (5th Cir. 2007). Making the allegation alone is not enough to support a conclusion that Perez failed to supervise or train unidentified subordinate-officials. Further, no facts are set forth that would establish or support a finding that a causal link exists between any alleged failure to supervise by Perez and any alleged violation of Plaintiff's constitutional rights. Bustinza's claim for failure to supervise should be dismissed as frivolous.

> **2. Bustinza's claim for retaliation against Posada and Rubio should be dismissed.**

To state a valid claim for retaliation under § 1983, a prisoner must allege: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for the exercise of that right; (3) a retaliatory adverse act; and (4) causation which is a showing that but for the retaliatory motive, the action complained of would not have occurred. *Jones v. Greninger,* 188 F.3d 322, 324-325 (5th Cir. 1999); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). This requirement places a heavy burden upon inmates, because mere conclusory allegations will not suffice; instead, the inmate must produce direct evidence of retaliation or a chronology of events from which retaliation may be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. *Johnson*, 110 F.3d at 310, citing *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995).

The Fifth Circuit has cautioned as follows:

> The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. **Claims of retaliation must therefore be regarded with**

>  **skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions**.

*Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (emphasis added). The Court went on to explain that district courts must "carefully scrutinize" claims of retaliation in order to ensure that prisoners do not "inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around themselves." *Woods*, 60 F.3d at 1166; *accord*, *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (noting that "while a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform."). As the Eighth Circuit explained, any other rule would allow a prisoner to openly flout prison regulations after filing a grievance and then bring a claim under Section 1983 arguing that prison officials disciplined him in retaliation for filing a grievance. *Orebaugh*, 910 F.2d at 528. Because Bustinza has not shown that any of the grievances which he filed were non frivolous, the grievances cannot form the basis of retaliation claims. *Brown v. Craven*, 106 Fed.Appx. 257 (5th Cir. 2004).

In his First Amended Complaint, Bustinza claims that Posada, Rubio, and "other Defendants" conspired to retaliate against him by writing up cases to jeopardize his Parole. Dkt. No. 95, pg. 4. Even assuming, only for the sake of argument, that this allegation is true, it is far too conclusory to support a claim for retaliation. Bustinza alleges no specific "cases" in support of his claim for retaliation against Posada or Rubio in his live Complaint. *See* Dkt. No. 1. Bustinza was placed in the Transient Building (not Segregation as alleged) on August 28, 2009 and September 3, 2009. *See* Exhibits C. Both instances resulted from complaints by Bustinza that his life was in danger. *See id.* Assigning an inmate to the Transient Building in response to the inmate's own endangerment claim complies with all Texas Department of Criminal Justice

13

policy. *Id*. Because Bustinza's allegations of retaliation against Posada and Rubio are both unfounded and conclusory, they fail. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988). In turn, summary judgment should be granted as a matter of law on this claim as well.

**H.** **Bustinza's "Evidence in Support" of his Amended Complaint lacks relevance and is otherwise unpersuasive.**

Bustinza attaches two documents to his Amended Complaint that he purports is "evidence in support" of his Complaint. The first document is a CCA Facility Employee Problem Solving Notice ("Employee Notice") documenting a verbal reprimand issued to Officer Rubio for failure to call in an unscheduled absence. *See* Dkt. No. 49-1. In this suit, Bustinza's allegations against Defendant Rubio relate to alleged sexual harassment and retaliation. A Notice evidencing a verbal reprimand for an unscheduled absence is not relevant to any of the issues involved in this suit. *See* FED. R. EVID. 401 ("Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.). Rubio's failure to call in an unscheduled absence does not make the existence of any of the facts alleged in this suit more or less probable and does not outweigh the summary judgment evidence in support of dismissal of all claims as a matter of law.

The second document is an excerpt from Defendants' First Amended Objections and Responses to Plaintiff's First Set of Interrogatories. Dkt. No. 49-1 at 4. Bustinza highlights portions of those Responses referencing the same irrelevant Employee Notice. He also draws attention to portions of the response referring to six complaints of a sexual nature alleged against Rubio. None of the six complaints referenced involved any form of sexual touching or sodomy. Instead, each of the six complaints include allegations that Rubio made sexual comments and/or

14

performed strip searches. *See* Exhibit C. Each of the six complaints were investigated and the allegations found to be unsubstantiated. *Id.* Assuming, only for the sake of argument, that the allegations within the referenced complaints are true, none of the alleged actions rise to the level of a constitutional violation. *Bodie*, 105 F.3d at 860-61 (2nd Cir. 1997)(isolated incidents of harassment and touching do not rise to the level of a constitutional violation, instead the alleged abuse must be "sufficiently serious" to rise to the level of a constitutional violation); *McFadden*, 713 F.2d at 146 ("…[M]ere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation."). Just as Bustinza's allegations cannot support a claim for a constitutional violation, none of the facts alleged in the six complaints, even if true, would support a claim against Rubio for a constitutional violation. Further, Bustinza cannot rely on the alleged constitutional violation of a third-person for purposes of his own standing. *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) (a person has standing to sue only when the person is personally aggrieved by an alleged wrong).

When faced with dismissal, Bustinza would have offered his best evidence in support of his Complaint. Therefore, it is reasonable to conclude that the documents attached to his Amended Complaint represent the totality of his evidence in support of claims against Rubio. Mere reference to six other complaints that were all investigated and found to be unsubstantiated does not lend support to any of Bustinza's pending claims. All of Bustinza's claims should be dismissed with prejudice.

### III.
### Dismissal Proper for Frivolous Claim

Bustinza's lawsuit is groundless and frivolous. A District Court may dismiss an *in forma pauperis* proceeding under 28 U.S.C. §1915(d) where the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact. *Pugh v. Parrish of St.*

*Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Moody v. Miller*, 864 F.2d 1178 (5th Cir. 1989). This action should be dismissed and judgment should be entered in favor of all Defendants on the grounds that the issues presented in Bustinza's complaint fail to state a viable claim for relief against Defendants.

## IV.
## Conclusion

Defendants Orlando Perez, Paul Posada, and Ernesto Rubio request that Plaintiff Bustinza's claims against them be dismissed with prejudice, and for such other relief at law or in equity to which Defendants show themselves justly entitled.

Respectfully submitted,

By:  /s/Jay W. Brown
**Jay W. Brown**
jbrown@bmpllp.com
State Bar No. 03138830
1300 Post Oak Blvd., 24th Floor
Houston, Texas  77056
Telephone (713) 623-0887
Facsimile   (713) 960-1527
**ATTORNEYS FOR DEFENDANTS**

OF COUNSEL:

**Beirne Maynard & Parsons L.L.P.**
**Dawn E. Norman**
dnorman@bmpllp.com
State Bar No. 24065825
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 18th day of February, 2011, a true and correct copy of the foregoing instrument was forwarded to Plaintiff Rogelio Bustinza, *pro se* via certified mail – return receipt requested.

Rogelio R. Bustinza                                   ***CMRRR***
2904 Carolina Street
Brownsville, Texas 78521


                                                 ___/s/Jay W. Brown_____
                                                 **Jay W. Brown**

1314257v.1 003770/090821